Lafourche Parish Clerk of Court, C-143089
Filed Jul 19, 2021 12:51 PM   D
LEZLI LEBOEUF
Deputy Clerk of Court
FAX Received Jun 30, 2021

# 17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

## STATE OF LOUISIANA

NO.                                                                                                          DIVISION: " "

### JAMES SAMUELS

### VERSUS

### BOLLINGER SHIPYARDS, LLC

FILED:_____          BY:_____
                                                                          **DEPUTY CLERK**

## PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes James Samuels, Plaintiff herein, who respectfully asserts claims against Defendant, Bollinger Shipyards, LLC, alleging the following:

1.

The Plaintiff bringing this action is James Samuels (hereinafter "Mr. Samuels" or "Samuels"), an African-American male of the full age of majority who resides and is domiciled in Orleans Parish, State of Louisiana.

2.

Made Defendant herein is Bollinger Shipyards, LLC (hereinafter "BS"), a limited liability company with its principal place of business in Lockport, Louisiana and has and is doing business in the Parish of Lafourche, State of Louisiana. At all times relevant to this lawsuit, Defendant, BS, was the employer of Plaintiff, Samuels.

3.

Throughout Plaintiff's employment with Defendant, Plaintiff performed his respective job duties without complaint and carried out his responsibilities in strict compliance with Defendant's policies and procedures.

4.

Notwithstanding Plaintiff's job performance, Defendant, without lawful reason, explanation or justification, discriminated against Plaintiff on the basis of his race.

5.

In or about August, 2014, Plaintiff Samuels was hired by BS. At all times relevant, Mr. Samuels was employed as a Quality Specialist, Senior Level. His job duties and responsibilities

1

included inspecting structural, electrical, mechanical and other materials and processes aboard vessels and ensuring the vessels meet all applicable maritime standards.

6.

On or about September, 2018, Mr. Samuels sustained injuries as a result of a car accident whereby he was rear-ended while engaged in activities unrelated to his employment.

7.

On or about March 12, 2019, Mr. Samuels notified Defendant that he was released by his surgeon to return to work on March 13, 2019. However, Mr. Samuels' spine specialist, refused to release Plaintiff Samuels until he could be reevaluated on March 20, 2019. Accordingly, after Mr. Samuels was reevaluated, Mr. Samuels was released to return to work with certain lifting and standing restrictions. Thereafter, on March 21, 2019, Defendant reinstated Mr. Samuels to his prior position.

8.

However, though cleared to return to work, Defendant informed Mr. Samuels that, in light of his lifting and standing restrictions, Defendant had no work that he was capable of performing.

9.

Significantly, though Defendant was unable to accommodate Mr. Samuels' work restrictions, Defendant, in plain view, accommodated the work restrictions of nearly all, if not all, of its similarly situated Caucasian employees with work related restrictions.

10.

Mr. Samuels reported the disparate treatment to Defendant Human Resource representative and informed the representative that he believed he was being treated differently than his Caucasian colleagues. Instead of improving the terms and conditions of Mr. Samuels' employment, after complaining about his mistreatment, Mr. Samuels' was treated worse.

12.

Consequently, on or about July 17, 2019, Mr. Samuels contacted the Equal Employment Opportunity Commission (EEOC) and filed a formal Charge of Discrimination with the EEOC, complaining of the persistent discriminatory treatment he received via Defendant's managers, supervisors, and/or agents, based on his race, age and disability while also alleging that he suffered unlawful retaliation.

13.

After a limited investigation, Mr. Samuels received a Notice of "Right to Sue" on or about April 6, 2021. Thus, Plaintiff has exhausted his administrative remedies and is fully authorized to initiate this legal proceeding against the Defendant.

14.

At all times relevant herein, Defendant was and remains liable for the conduct of its managers, employees and/or agents, under the doctrine of Respondeat Superior, as all of the conduct alleged herein occurred in the course and scope of such managers', employees' and/or agents' respective work duties.

15.

Upon information and belief, all of the actions complained of herein were made with malice and/or reckless indifference to Mr. Samuels' protected rights.

16.

Defendant, in violation of Title VII and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq.*, has engaged in unlawful employment practices consisting of, but not limited to, the intentional discriminatory terms and conditions of employment resulting in Mr. Samuels being subjected to discriminatory terms and conditions of employment which resulted in him being subjected to disparate treatment because of his race, age and disability, thus, entitling Plaintiff to money damages.

17.

As an African-American, Plaintiff is a member of a protected class based on his race.

18.

Plaintiff was fully qualified for the position of Quality Specialist, Senior Level, as demonstrated by the factual allegations set forth herein.

19.

Plaintiff suffered adverse employment actions and was treated less favorably than his Caucasian colleague.

20.

As a result of the unlawful actions described above, Defendant is liable unto Mr. Samuels for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable

damages, compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

21.

Plaintiff is entitled to extraordinary, nonpecuniary damages because Defendant intended, through its agents' egregious conduct toward Plaintiff, to offend and aggrieve Plaintiff's feelings.

22.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, James Samuels, prays that Defendant, be duly cited and required to appear and answer Plaintiff's Petition for Damages and Jury Demand and, after due proceedings had and legal delays, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in the foregoing Petition for Damages and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

G. Karl Bernard (#24294)
KARL BERNARD LAW, LLC
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
Karlb@karlblaw.com

**Attorney for Plaintiff James Samuels**

**HOLD SERVICE**

4